UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE ANDREWS,<br><br>              Plaintiff,<br><br>    v.<br><br>LOWE'S HIW, INC., d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, INC.; JOHN MILLS AND JANE DOE MILLS, and the marital community comprised thereof,<br><br>              Defendants. | CASE NO. C08-5053BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MILLS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES |

      This matter comes before the Court on Defendant Mills' Motion to Dismiss Plaintiff's Amended Complaint for Damages (Dkt. 20). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

      On March 26, 2008, Plaintiff Julie Andrews filed an Amended Complaint for Damages alleging Defendant Lowe's HIW, Inc. engaged in unlawful employment practices against Plaintiff while she was employed at their facility in Longview, Washington, in violation of Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), *et seq*. (hereafter "Title VII"), and the

ORDER - 1

1  Washington Law Against Discrimination, RCW 49.60, *et seq*. Dkt. 1, ¶ 14. Plaintiff also alleges
2  that Defendant John Mills engaged in unlawful employment practices against Ms. Andrews
3  while she was employed in violation of the Washington Law Against Discrimination, RCW
4  49.60, *et seq*. *Id*. Plaintiff seeks damages from all Defendants including Defendant Mills
5  individually and his marital community. *Id*. ¶ 10.

6  Plaintiff claims that she "has filed charges and exhausted her administrative remedies
7  with the [Equal Empolyment Opportunity Commission]." Dkt. 1, ¶ 1. Although it appears that
8  Plaintiff has not submitted any of those charges or decisions, Defendant Mills has attached a
9  Charge of Discrimination that appears to be completed by Plaintiff. *See* Dkt. 20 at 10. In that
10 charge of discrimination, Plaintiff states that her manager, Kevin Borg, repeatedly sexually
11 harassed her from December 2005 to June 2006. *Id*. Plaintiff did not mention Defendant Mills
12 in that document.

13 On May 6, 2008, Defendant Mills filed a Motion to Dismiss Plaintiff's Amended
14 Complaint for Damages for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). Dkt.
15 20. On May 27, 2008, Plaintiff responded. Dkt. 23. On May 30, 2008, Defendant replied. Dkt.
16 23.

17 **II. DISCUSSION**

18 Defendant Mills has moved the Court to dismiss Plaintiff's claims against him for
19 personal liability and to dismiss Plaintiff's claims against Jane Doe Mills and the marital
20 community thereof. Dkt. 20. Motions to dismiss may be based on either the lack of a cognizable
21 legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica*
22 *Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as
23 admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d
24 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require
25 detailed factual allegations but must provide the grounds for entitlement to relief and not merely
26 a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*,
27
28

ORDER - 2

127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

**A.     Defendant Mills**

Under Washington's Law Against Discrimination, "[s]upervisors are liable when they affirmatively engage in discriminatory conduct." *Brown v. Scott Paper Worldwide Co.*, 143 Wn.2d 349, 360 n.3 (2001). Defendant Mills argues that Plaintiff has not pleaded facts sufficient to support a cause of action against him for personal liability. Dkt. 20 at 5-7. Plaintiff counters that "[e]ven if Kevin Borg (who was second in command, directly under Defendant Mills) was Ms. Andrew's primary harasser, if Defendant Mills also engaged in discriminatory conduct against Ms. Andrews, as Ms. Andrews alleges, he is not absolved from liability." Dkt. 23 at 5. Moreover, Plaintiff has plead that "Defendants harassed, discriminated against, retaliated against, and took adverse employment actions against [Plaintiff]." Dkt. 1, ¶ 15.

Plaintiff has plead facts sufficient to support a cause of action against Defendant Mills for personal liability. The issue of whether these claims against Defendant Mills have been sufficiently exhausted is not before the Court. Accordingly, the Court should deny Defendant Mills' Motion to Dismiss Plaintiff's Complaint for Damages on this issue.

**B.     Defendant Jane Doe Mills and the Marital Community Thereof**

"A community is liable for the torts of either spouse if the tort is calculated to be, is done for, or results in a benefit to the community or is committed in the prosecution of the community business." *Kilcup v. McManus*, 64 Wn.2d 771, 781 (1964) (citing *LaFramboise v. Schmidt*, 42 Wn.2d 198, 200 (1953)). The Washington Court of Appeals, however, has limited the scope of community liability in cases involving sexual harassment in the workplace. *See Francom v. Costco Wholesale Corp.*, 98 Wn. App. 845, 868-869 (Wash. Ct. App. 2000). In *Francom*, plaintiff brought an action against her employer, warehouse manager, and manager's spouse, alleging multiple violations including sexual harassment and retaliation. *Id*. at 849-852. The court stated that "[I]t is clear that the harassment itself was not for the benefit of or in the course of managing the community." *Id*. at 868-869. Moreover, "community liability cannot attach

ORDER - 3

1 under the theory of community benefit when, from the perspective of a reasonable person, the
2 wrongful acts in question are unlikely to produce the desired community result." *Id*. (citations
3 omitted).

4     In this case, Plaintiff attempts to distinguish the decision in *Francom* on the basis of
5 Defendant Mills committing a "tortiuos act when he neglected his duties as Store Manager and
6 failed to properly supervise the store." Dkt. 23 at 14.  Plaintiff further argues that "preventing
7 discrimination and harassment certainly would be within the scope of Defendant Mills'
8 employment as the Lowe's Store Manager." *Id*.  Defendant Mills contends that acts within his
9 scope of employment are imputed to the employer and absolve him of personal liability.  Dkt. 25
10 at 4-6.  And, without personal liability, there can be no marital liability.  *Id*.  Defendant Mills
11 claims that these same arguments were before the court in *Francom* and were rejected. *Id*.
12 Defendant is correct. *See generally Francom*, 98 Wn. App. 845.

13     Plaintiff has failed to articulate a cognizable legal theory against Defendant Mills' marital
14 community and Defendant Jane Doe Mills.

15 **C.     Conclusion**

16     Plaintiff has plead facts sufficient to support a cause of action against Defendant Mills for
17 personal liability.  Plaintiff, however, has failed to articulate a cognizable legal theory that would
18 support a cause of action against either Defendant Jane Doe Mills or the marital community
19 thereof.  "[D]ismissal without leave to amend is proper only in 'extraordinary' cases." *Broam v.*
20 *Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 692  (9th
21 Cir. 2001) (dismissal without leave to amend is proper only if "it is clear . . . that the complaint
22 could not be saved by any amendment.").  The Court sees no reason to consider this an
23 "extraordinary case."  Therefore, the Court should grant Plaintiff leave to amend her complaint
24 before dismissing Defendant Jane Doe Mills and the marital community.

ORDER - 4

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant Mills' Motion to Dismiss Plaintiff's Amended Complaint for Damages (Dkt. 20) is **DENIED in part** as to Defendant Mills and is **GRANTED in part** as to Defendant Jane Doe Mills and the marital community thereof. Plaintiff is **GRANTED** leave to amend the complaint and shall file a Second Amended Complaint no later than July 3, 2008. The Second Amended Complaint must either amend the parties and caption consistent with this opinion or resolve the lack of a cognizable legal theory expressed by this opinion.

DATED this 23rd day of June, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5